**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CR-204-CVE |
| | ) | |
| LEVI WILLIAM WELKER, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

### I. INTRODUCTION

The United States of America, by and through Christopher J. Nassar, Assistant United States Attorney for the Northern District of Oklahoma, hereby submits the following sentencing memorandum for consideration by the Court.

Pursuant to 18 U.S.C. § 3553(a) and Section 6A1.2 of the Sentencing Guidelines and Policy Statements, the United States hereby represents that it has reviewed the Probation Office's presentence report in this matter, and that it does not dispute any of the facts or factors set out therein.

Defendant has entered pleas of guilty to Distribution of Child Pornography, and Enticement of a Child for Criminal Sexual Activity in regards to two minor victims, Tampering with a Victim, and Tampering with Documents. Defendant's calculated offense level is capped at 43, which results in a recommended guideline range sentence of life imprisonment. Under the agreed to Rule 11(c)(1)(C) plea agreement, Defendant's sentencing range is stipulated as 200-247 months. The Government respectfully requests

that the Court sentence Defendant to the maximum sentence allowed under the plea agreement, 247 months and a lifetime of supervised release.

## II. OFFENSE CONDUCT

Over the course of two years, Defendant downloaded and distributed thousands of images and videos depicting the molestation and rape of children and even infants. In the over 6,700 images and over 300 videos of child sexual abuse that Defendant was found with, a staggering 116 series of known child pornography were identified. These series included some of the most infamous known to investigators. Such as "Jenny", where the 9-year-old female victim is shown tied up with yellow rope and her legs spread wide apart as she is orally raped and molested. "Tara", which depicts the 8-year-old child being orally raped by her father. Some of the photos include Tara with semen on her face. Defendant possessed 2570 files of the "Tara" series. "Vicky", which shows the 9-year-old victim being repeatedly raped vaginally, orally, and anally by an adult man. "Vicky's" series is so widely distributed that she has been repeatedly identified and contacted by individuals who call themselves "fans" of the video of her rape. Or "Jan_Feb" series, which depicts the rape and torture of a prepubescent girl by her father. During the abuse, her father posted the images to a man in Georgia. This man would then ask for specific acts to be done to the girl, and the father would do those specific acts. These acts became more vicious and violent as time went on. The girl was subjected to being raped and humiliated. Several photos show her naked with writing on her chest and stomach that says, "cut me – slut - hurt me" Defendant had over 282 files of this identified series.

The FBI discovered Defendant distributing child pornography on file sharing

networks and seized numerous computer devices in the summer of 2016. The devices and software programs discovered on the seized computers indicated a high sophistication with computers. Several of the devices had advanced encryption and could not be accessed. The forensic examination also showed software programs and files indicating that the Defendant frequented the "Dark Web", which is a common source for child and virtually anonymous.

In a little over 6 months after the FBI discovered Defendant distributing child pornography, Defendant took his pedophilic interests from the digital world to the real world. Despite claiming to be near indigent, Defendant was able to replace all his computer equipment and began using it to solicit underage girls on numerous social media applications to engage in sexual relationships with him. In the spring of 2017, he was successful in his attempts with MV1 and MV2, two Tulsa area 14-year-old girls. Over the next year, Defendant engaged in numerous sexual acts with both MVs. At one point Defendant even met with MV2's parents and introduced himself as her 16 year-old boyfriend, despite being 27 at the time.

Both MVs described how Defendant continuously took steps to conceal and destroy evidence of his conduct with them. This included providing the MVs with cell phones that he could remotely access and erase. After discovery of his real age by MV2's parents and a warning to stay away, Defendant continued to seek out the MVs and engage in sex acts with both MVs. The MVs estimate that they exchanged hundreds of sexually explicit photos and videos with the Defendant. Eventual forensic examination showed that Defendant would often send suspected images of child pornography to the MVs and ask

them to send him similar photos of themselves.

After discovery of his actions by MV2's parents, Defendant repeatedly told her to lie to police and destroy evidence of his actions. After this conversation, police seized a second batch of high-end computer devices. The forensic examination of those devices showed evidence of Defendant's enticement of the MVs, however it also indicated that he was partially successful in destroying or irreversibly encrypting large amounts of the evidence of his actions. Forensic examination also again indicated Defendant's continued involvement in the "Dark Web" and child pornography.

As shown in their victim impact statements, the MVs and their families will have to live with mental and emotional scars of Defendant's actions for the rest of their lives.

### III. CONCLUSION

Defendant's sustained criminal actions show a stunning sense of audacity and lack of remorse, and the egregiousness of his conduct is further underscored by his remarkably high offense level computation.

Defendant is a clear threat to society and children everywhere, and a sentence of 247 months imprisonment and a lifetime of supervised release will deter future criminal acts and protect the public. Such a sentence is also needed to emphasize the seriousness of the offense, promote respect for the law, and provide well-deserved and just punishment to Defendant. Accordingly, the United States requests that the Court sentence the Defendant to maximum sentence allowed under the plea agreement.

Respectfully submitted,

R. TRENT SHORES
UNITED STATES ATTORNEY

/s/ Christopher J. Nassar
CHRISTOPHER J. NASSAR, OBA #31167
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK 74119
Telephone: 918.382.2700
Facsimile: 918.560.7939
Email: Christopher.nassar@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2019, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record
Stanley D. Monroe

/s/ Christopher J. Nassar
CHRISTOPHER J. NASSAR
Assistant United States Attorney